**HAYWOOD COUNTY, Tennessee,
Plaintiff/Appellee,**

v.

**Leslie Mauro HUDSON,
Defendant/Appellant.**

Supreme Court of Tennessee,
at Jackson.

Nov. 17, 1987.

J. Roland Reid, James S. Haywood, Jr.,
Brownsville, for defendant/appellant.

Larry Hardister, Brownsville, for plaintiff/appellee.

## MEMORANDUM OPINION

HARBISON, Chief Justice.

This case is before the Court pursuant to Rule 10, T.R.A.P. Appellant seeks review of an order entered in the Circuit Court of Haywood County, Tennessee on October 26, 1987. This Court granted a temporary stay pursuant to Rule 7, T.R.A.P., in order to' afford counsel an opportunity to prepare a transcript and to present the matter to this Court.

The Circuit Judge ordered that a sample of blood be withdrawn from appellant for the purpose of testing to determine whether he is infected by a virus indicating the presence of Acquired Immune Deficiency Syndrome (AIDS).

Appellant was apprehended in Arkansas and returned to the custody of officials in Haywood County, Tennessee on charges of murder in the first degree. Following a preliminary hearing he was bound over to the Grand Jury but has not yet been indicted. He has been in the custody of the Sheriff of Haywood County and incarcerated in the jail in that county since late September 1987.

Upon his arrest appellant stated to an officer of the Tennessee Bureau of Investigation that appellant suffered from AIDS. This representation was made apparently in all seriousness and was duly reported by the investigating officer to the Sheriff of Haywood County. The Sheriff presented appellant to county health officials for a physical examination, but appellant objected to the drawing of a sample of blood upon religious grounds, asserting that he was a member of a denomination known as Jehovah's Witnesses. He asserted then and also at the evidentiary hearing in this matter that it was contrary to the beliefs and tenets of that religious group and of his own personal religious convictions either to receive blood or to have blood withdrawn from his person.

After an evidentiary hearing the trial judge ordered that a sample of blood be taken from appellant for the purpose of testing. No tests or other procedures are proposed to be performed upon the body of appellant.

T.C.A. § 41–4–138(a) provides:

"The sheriff of each county who is charged with the care and custody of

prisoners is hereby empowered to hire a female registered nurse and a male registered nurse who are authorized to make complete physical examinations of all persons committed to the custody of said sheriff for the purpose of preventing the spread of any contagious disease. Such physical examinations may include the taking of blood tests and Pap smear tests and any other tests which are approved and recommended by the county health officer."

A county health officer testified at the evidentiary hearing that he approved the test in this case but had not taken a blood sample from appellant over his objection and would not do so until authorized by a court order.

At the evidentiary hearing appellant admitted that he injected the subject of AIDS into this matter by his representation to the T.B.I. Agent. He testified that he did so in order to threaten or frighten the agent because he said that he, himself, was upset or frightened by the interrogation which he underwent in connection with the investigation of the charges now pending against him.

At the hearing appellant denied that he has AIDS, and on appeal his counsel asserted that to force him to give a blood sample would represent an unconstitutional application of the foregoing statute in view of his professed religious beliefs.

It is apparent that this is not a case of random blood sampling, and the testimony clearly shows that the sheriff and public health officials have reasonable cause to carry out the blood test. If the test is negative, the matter will be at an end. If it is positive, special care and treatment will be required for appellant either in the county jail or at a separate facility. The operation of the jail itself, the safety of the sheriff and his staff, and the safety and welfare of other persons incarcerated in the jail are involved, and any alleged religious belief or conviction of appellant must yield to concerns for the public safety and welfare which are clearly established by the evidence. Further, the appellant's own health, welfare and treatment, both as a

prisoner and as a potential patient, justify the blood test which the public health officials propose to conduct.

The judgment of the trial court is affirmed at the cost of appellant. The cause will be remanded to that court for any further proceedings which may be necessary.

FONES, COOPER, DROWOTA and O'BRIEN, JJ., concur.